UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANETTE GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),<br><br>Defendant. | Case No. C08-0093 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 62.) Upon review of Plaintiff's motion, the Court's previous orders, and all pertinent documents in the record, the Court DENIES Plaintiff's motion for the reasons stated below.

On March 27, 2009, this Court entered an order granting Defendant Amtrak's motion for summary judgment. (Dkt. No. 60.) Plaintiff now moves the Court to reconsider that order in regards to her gender discrimination claim. (Dkt. No. 62 at 1.)

Motions for reconsideration are disfavored. CR 7(h). Absent either a showing of manifest error or new facts or law that could not have been brought to the Court's attention earlier, the Court will generally deny motions for reconsideration. Id. Having reviewed the record, the Court does not believe any modifications are necessary. Plaintiff fails to demonstrate a manifest error or offer new facts or law that would justify reconsideration.

Plaintiff argues that her complaint included a gender discrimination claim and that the Court failed to consider that claim on the merits. (Dkt. No. 62 at 2-3.) However, as the Court

ORDER - 1

stated in its order, Plaintiff failed to include a clear gender discrimination claim in the complaint. (Dkt. No. 60 at 9 n. 4.) The "complaint does not specify her individual causes of action; it merely states the statutes (42 U.S.C. § 2000e et seq. and RCW 49.60 et seq.) under which she brings them." (Id.) Further, the Court concluded that, even if Plaintiff had successfully pleaded the claim, it is properly dismissed on the merits because Plaintiff failed to make a prima facie showing of gender discrimination:

> To bring a valid claim of gender discrimination, Plaintiff must show (1) that she is a member of a protected class; (2) that she performed her job satisfactorily; (3) that she suffered an "adverse employment action"; and (4) that she was treated less favorably than a similarly situated employee from an unprotected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (stating elements in a race discrimination case). Plaintiff cannot show that she suffered an adverse employment action. In a gender discrimination claim, an employment action is adverse if it "'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment.'" Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (quoting Chuang v. Univ. of Cal. Davis, 225 F.3d 1115, 1123-24 (9th. Cir. 2000)). Here, Plaintiff presents no evidence that any of the allegedly discriminatory actions she experienced affected the terms and conditions of her employment. Therefore, even if Plaintiff's complaint can be read to include the claim, Plaintiff did not plead a prima facie case of gender discrimination.

(Id. at 9.)

Plaintiff's motion for reconsideration is therefore DENIED.

The clerk is directed to send a copy of this order to all counsel of record and to send a copy by mail to Plaintiff.

DATED this 16th day of April, 2009.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER - 2

ORDER - 3